# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:14-CR-00047-KDB-DCK

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | **ORDER** |
| **GREGORY ALLEN BARLOW,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion for compassionate release based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, and the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020. (Doc. No. 172).

Section 603(b) of the First Step Act amended Section 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of the Bureau of Prisons (BOP). Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on the inmate's behalf; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier. If a defendant fails to first seek relief from the BOP, a district court is without authority to consider the merits of his claim. *See United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020).

Here, Defendant claims that he requested compassionate release from the warden and received no response. However, Defendant has not attached his request to the warden. Thus, the Court is unable to verify whether Defendant first sought relief from the BOP and whether 30

days have passed since the warden received the request. Defendant also alludes to medical records stating that he "will have life threatening implications" if exposed to COVID-19 because he suffers from hypertension, a seizure disorder, and chronic asthma. (Doc. No. 172, at 4). Yet, Defendant fails to attach any medical records to support his statements. For these reasons, the Court will deny Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 without prejudice.

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat. 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. *See United States v. Caudle*, 740 F. App'x 364, 365 (4th Cir. 2018) (noting that a district court lacks authority to govern designation of prisoners under Section 3624(c)(2)).

**IT IS THEREFORE ORDERED** that Defendant's motion for compassionate release, (Doc. No. 172), is **DENIED** without prejudice.

**SO ORDERED.**

Kenneth D. Bell
United States District Judge