# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:14-CR-00047-KDB-DCK-3

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> GREGORY ALLEN BARLOW, <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Gregory Allen Barlow's *pro se* motion for reconsideration of compassionate release under 18 U.S.C. § 3582(c)(1), the First Step Act of 2018, and the appointment of counsel.[1] (Doc. No. 182). This is Defendant's third filing with this Court asserting the same general complaints and requesting compassionate release. (Doc. Nos. 172, 175). The Government opposes the motion. (Doc. No. 184). Because Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c), the Court will deny his motion.

## I. BACKGROUND

In 2015, Defendant pled guilty to one count of conspiracy to distribute, possess with intent to distribute and manufacture methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. (Doc. No. 85). He was sentenced to 120 months plus four years of supervised release. (Doc. No. 131).

---

[1] As Defendant was informed by the Court's order denying his second motion for compassionate release, the Court also denied his motion for appointment of counsel. The Court finds no reason to disturb its prior ruling.

Defendant is a 38-year-old male serving his prison sentence at FMC Forth Worth in Texas. His current projected release date is December 3, 2023. As stated above, Defendant has moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A) two previous times, asking the Court for a reduction in his sentence. This Court has denied each previous motion without prejudice. (Doc. Nos. 173, 177). Defendant bases his current motion again on the threat posed by the COVID-19 pandemic and states that he suffers from high blood pressure with hypertension, asthma and obesity which place him at a greater risk of death from COVID-19 complications. (Doc. No. 182, at 2). The Government responded to Defendant's current motion on March 16, 2021, opposing Defendant's request and asking the Court to deny his motion. (Doc. No. 184).

## II. LEGAL STANDARD

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the exceptions to this general rule is a motion for compassionate release. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

> **(c) Modification of an imposed term of imprisonment.—**The Court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . .

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

While the statute references an applicable policy statement, there is as of now no applicable policy statement governing compassionate release motions filed by defendants. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). As a result, district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise. *Id*. Thus, to succeed on a motion for compassionate release under 18 U.S.C. § 3582(c), a defendant must first exhaust his administrative remedies as described by the statute. Once the defendant has exhausted his remedies, the court determines whether extraordinary and compelling reasons warrant a reduction and considers the relevant sentencing factors under § 3553(a) to determine if an individualized application of those factors support compassionate release. A defendant seeking compassionate release has the burden of establishing that such relief is warranted. *See, e.g., United States v. Ebbers,* 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *United States v. Heromin,* No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

### III.   DISCUSSION

A.  *Exhaustion of Administrative Remedies*

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust

administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding the administrative exhaustion requirement is non-jurisdictional). The majority view is that the exhaustion requirement is a non-jurisdictional requirement that can be waived. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zekerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). Such an exception may include where the exhaustion requirement would be futile. *See, e.g.*, *Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Colvin*, No. 3:19cr179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) ("[I]n light of the urgency of Defendant's request, the likelihood that she cannot exhaust her administrative appeals during her remaining eleven days of imprisonment, and the potential for serious health consequences, the [c]ourt waives the exhaustion requirement of Section 3582(c)(1)(A).").

Defendant's previous two motions for compassionate release were denied without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies. (Doc. Nos. 173, 177). Subsequent to being denied by the warden, Defendant filed an administrative appeal with the Regional Office which was received on August 17, 2020 and denied on October 15, 2020. (Doc. No. 182, Exhibit 1 at 7-8). Defendant filed an appeal with the Central Office which was received on November 17, 2020 and indicated that the Central Office would reply by January 16, 2021. *Id.* at 12. No response was forthcoming. Accordingly, the Court will

deem the administrative exhaustion requirement fulfilled and will proceed to address the merits of Defendant's motion.

   B. *Extraordinary and Compelling Reasons*

Defendant asserts that his vulnerability to COVID-19 is an extraordinary and compelling reason for an immediate reduction in his sentence. Defendant claims to be obese, which is a risk factor the CDC has identified as increasing an individual's risk of severe illness from COVID-19.[2] (Doc. No. 182, at 2). According to the CDC, individuals are obese such that they have a body mass index ("BMI") of 30 or higher. There is no evidence concerning Defendant's actual BMI, just one note in his medical records indicating that he is obese. In light of the COVID-19 pandemic the defendant's obesity is a risk factor, "albeit one that is not a permanent condition." *United States v. Johns,* No. 2:15cr24, 2020 WL 6544385, at *1 (E.D. Va. Nov. 5, 2020) (finding that the defendant was not entitled to compassionate release based on asserted prediabetes, hypertension, and obesity).

Defendant suggests that hypertension is also a risk factor, but the CDC has stated only that hypertension *may* present an increased risk of severe illness. As courts have found, a diagnosis of hypertension does not necessarily establish an "extraordinary and compelling" circumstance warranting compassionate release. *See United States v. Brown,* No. 3:16CR209-MOC, 2020 WL 2926472, at *1-*2 (W.D.N.C. 2020) (denying compassionate release to inmate with hypertension, diabetes, and pulmonary sarcoidosis); *United States v. Buchanon,* No. 3:18CR199, 2020 WL 5026849 at *2 (E.D. Tenn. 2020) (denying compassionate release to inmate diagnosed with sarcoidosis and hypertension); *United States v. Durham,* 2020 WL 5577884, at*2 (hypertension

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

is not sufficient: "Given the lack of data and certainty regarding this second group of conditions, the fact that Defendant has a condition that may increase his risk for severe illness from COVID-19, without more, does not present an 'extraordinary and compelling reason' under the compassionate release statute and U.S.S.G. § 1B1.13."); *cf. United States v. Williams,* No. 5:19CR342, 2020 WL 2404680, at * (E.D.N.C. 2020) (denying pre-trial release to detainee with asthma, COPD, congestive heart failure, and hypertension).

According to the CDC, individuals with high blood pressure, hypertension, asthma "might be at an increased risk for severe illness" from COVID-19.[3] At the outset, it is uncertain whether medical conditions in this second risk category can "support a finding of particularized susceptibility." *United States v. Weaver,* No. 1:17-CR-235, 2020 WL 4810123, at *2 (E.D. Va. Aug. 18, 2020). For this reason, "courts have found that certain conditions … do not constitute an extraordinary or compelling reason for compassionate release, absent some evidence of a diminution in the defendant's health." *United States v. Prater,* No. 3:13cr133 (DJN), 2021 WL 54364, at*5 (E.D. Va. Jan. 6, 2021). Where a defendant is receiving medical treatment to manage his medical conditions, including high blood pressure and hypertension, courts have found that these conditions do not establish a particularized susceptibility to COVID-19. *See, e.g., United States v. Reid,* No. 2:02cr172-7, 2020 WL 7318266, at *2 (E.D. Va. Dec. 10, 2020); *Barrett v. United States,* No. 4:15-cr-47-1, 2020 WL 6206008, at *3 (E.D. Va. Oct. 22, 2020); *United States v. Chandler,* No. 3:15mj122 (DJN), 2020 WL 6139945, at *5 (E.D. Va. Oct. 19, 2020).

Defendant asserts that he suffers from asthma, however, the first time he complains of potentially asthma-related symptoms in his medical records is on December 23, 2020, and it

---

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

appears that it has otherwise been dormant since childhood. With respect to his childhood asthma, courts have found that mild or intermittent asthma does not establish a particularized susceptibility to COVID-19. *See. e.g., Chandler,* 2020 WL 6139945, at *5; *Weaver,* 2020 WL 4810123, at *2. Further, asthma does not justify a finding of extraordinary and compelling circumstances if the defendant can manage his condition successfully in his current environment. See, e.g., *United States v. Miller,* No. 3:16cr121, 2020 WL 4547809, at *5 (E.D. Va. Aug. 6, 2020) (finding no extraordinary and compelling circumstances where the defendant had not "been hospitalized for, or suffered any adverse effects from, his [chronic] asthma"); *Porter-Eley v. United States,* No. 4:16-cr-89, 2020 WL 3803030, at *3 (E.D. Va. July 6,2020) (finding no extraordinary and compelling circumstances where "[p]etitioner's asthma appear[ed] well control and nothing in the record indicate[d] that the BOP [was] unable to manage" it).

Defendant has not established that his asthma is moderate to severe. He has only recently suffered from possible asthmatic-related symptoms which are now being treated and managed. He has never been hospitalized for his asthma nor has he suffered any debilitating respiratory issues.

Despite his professed fears relating to contracting COVID-19 while incarcerated, Defendant actually refused to be tested for COVID-19 which makes him insincere in his concern. (Doc. No. 184, Exhibit 1, at 25). There is no indication in his medical records that Defendant is afraid of medical tests as he regularly seeks medical care for his back pain and submitted to tests in December over concern that his asthma had possibly returned. Defendant is 38 years old and does not appear to be in imminent danger as his ailments are being treated and managed. Accordingly, for these many reasons, the Court finds that Defendant has not shown that "extraordinary and compelling reasons" support his release.

## IV. ORDER

For these reasons, Defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)," (Doc. No. 182), is **DENIED**.

**SO ORDERED.**

Signed: March 22, 2021

*[signature]*

Kenneth D. Bell
United States District Judge